**Jarnail SINGH, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14–73657**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 2, 2017

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Lynda Do, Janette L. Allen, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jarnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Singh's testimony and several affidavits in the record. *See id.* (inconsistency between testimony and other record evidence is an appropriate factor to consider in a credibility determination). The agency did not err in its assessment of the affidavits which were re-submitted with alterations. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). In the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and Singh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in India. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.